JUDGE PRESKA

08 CV 03342

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INGRAM MARITIME LTD.,

        Plaintiff,

- against -

DEZANDIS; NACHNO CHARTERING LTD.; and
ALQUDRA GENERAL TRADING LLC,

        Defendants.
----------------------------------------------------------X



ECF CASE
RECEIVED APR 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiff, INGRAM MARITIME LTD., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, DEZANDIS (hereinafter "Dezandis"), NACHNO CHARTERING LTD. (hereinafter "Nachno"), and ALQUDRA GENERAL TRADING LLC (hereinafter "Alqudra"), (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of Liberian law and was at all material times the owner of the motor tanker "ARABIAN SUN" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Dezandis was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of Iranian law, and was at all material times the Charterer of the Vessel.

4. Upon information and belief, Defendant Nachno was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

5. Upon information and belief, Defendant Alqudra was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

6. By a fixture recap and charter party dated November 22, 2006, Plaintiff chartered the Vessel to Defendant Dezandis for the carriage of 1/2 GRADES FUEL OIL. The duration of the charter period was from November 28, 2006 to October 24, 2007.

7. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the fixture recap and charter party.

8. A dispute arose between the parties regarding Defendant's failure to pay demurrage[1] and hire due and owing to Plaintiff under the fixture recap and charter party contract.

9. As a result of Defendant Dezandis' breach of the fixture recap and charter party due to its failure to pay demurrage and hire of the Vessel, Plaintiff has sustained damages in the total principal amount of $75,895.71 exclusive of interest, arbitration costs and attorneys fees.

10. Despite due and repeated demand, Defendant Dezandis has failed to pay the amounts due and owing under the fixture recap and charter party.

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here stipulated by the parties as $11,278.30)

11.   Pursuant to the fixture recap and charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. Plaintiff intends to commence arbitration of its claim against Defendant Dezandis.

12.   This action is brought in order to obtain jurisdiction over Defendants and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

13.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| A. | Principal claim – Demurrage: | | $ 11,278.30 |
| | Hire from November 28, 2006 to October 24, 2007: | | $114,617.41 |
| | Subtotal: | | $125,895.71 |
| | Less payment made: | | ($ 50,000.00) |
| | Total Principal Claim: | | $ 75,895.71 |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | | $ 18,952.40 |
| C. | Estimated arbitration costs: | | $ 20,000.00 |
| D. | Estimated attorneys' fees and expenses: | | $ 30,000.00 |
| | **Total:** | | **$144,848.11** |

14.   Upon information and belief, Dezandis is merely a shell-corporation through which Nachno and/or Alqudra conduct their business.

15. Nachno and/or Alqudra operate Dezandis as their "chartering arm," such that Dezandis has no separate, independent identity from Nachno and/or Alqudra.

16. Furthermore, Nachno and/or Alqudra are the alter egos of Dezandis because Nachno and/or Alqudra dominate and disregard Dezandis' corporate form to the extent that Nachno and/or Alqudra are actually carrying on Dezandis' business and operations as if the same were its own.

17. Upon information and belief, Nachno and/or Alqudra act as paying agent, or arrange for other non-parties to satisfy the debts and obligations of Dezandis

18. Upon information and belief, Dezandis uses Nachno and/or Alqudra as "paying agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

19. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

20. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

21. Upon information and belief, Nachno and/or Alqudra make payments on Dezandis' behalf where Nachno and/or Alqudra have absolutely no contractual obligation to Dezandis' creditors.

22. Upon information and belief, nearly every payment made with regards to the above fixture recap and charter party (approximately 97% of all payments made with regards to the above fixture recap and charter party), was made by Nachno and/or Alqudra on Dezandis' behalf.

23. Upon information and belief, Nachno made the following payments on Dezandis' behalf with regards to the above fixture recap and charter party:

| | |
|---|---|
| March 7, 2007 | $75,036.50 |
| April 5, 2007 | $48,710.00 |
| April 18, 2007 | $112,086.50 |
| April 26, 2007 | $80,392.00 |
| May 15, 2007 | $72,961.50 |
| May 31, 2007 | $81,960.00 |
| July 5, 2007 | $79,961.50 |
| July 20, 2007 | $66,961.50 |
| July 25, 2007 | $76,973.50 |
| August 4, 2007 | $67,973.50 |
| August 28, 2007 | $84,961.50 |
| September 19, 2007 | $77,461.50 |
| October 11, 2007 | $77,473.50 |
| November 23, 2007 | $50,000.00 |

24. Upon information and belief, Alqudra made the following payments on Dezandis' behalf with regards to the above fixture recap and charter party:

| | |
|---|---|
| December 7, 2006 | $91,096.50 |
| December 12, 2006 | $49,971.50 |
| January 16, 2007 | $53,596.50 |
| February 5, 2007 | $37,509.50 |
| February 12, 2007 | $80,408.50 |
| March 14, 2007 | $80,409.50 |
| June 14, 2007 | $79,978.00 |
| June 26, 2007 | $54,398.00 |

25. In the further alternative, Defendants are partners and/or join venturers.

26. In the further alternative, Defendants are affiliated companies such that Nachno and/or Alqudra is now, or will soon be, holding assets belonging to Dezandis, or vice versa.

27. In the alternative, "Dezandis" is an alias of "Nachno" and/or "Alqudra".

28. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

29.   The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$144,848.11** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and

that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

    D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    E.    That, in the alternative, this Court enter Judgment against the Defendants for the claims set forth herein;

    F.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

    G.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

    H.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    Southport, CT
April 4, 2008

                                        The Plaintiff,
                                        INGRAM MARITIME LTD.

                                By: _____
                                        Coleen A. McEvoy
                                        Nancy R. Peterson
                                        Patrick F. Lennon
                                        LENNON, MURPHY & LENNON, LLC
                                        420 Lexington Avenue, Suite 300
                                        New York, NY 10170
                                        (212) 490-6050 - phone
                                        (212) 490-6070 - facsimile
                                        cam@lenmur.com
                                        nrp@lenmur.com
                                        pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )  ss.:   Town of Fairfield
County of Fairfield  )

1. My name is Coleen A. McEvoy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         April 4, 2008

                                        _____
                                        Coleen A. McEvoy